**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4497**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JASON MARCELLUS MILLHOUSE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:11-cr-00201-RDB-1)

Submitted:  March 25, 2013          Decided:  July 19, 2013

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Winelander, WINELANDER & COX, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Marcellus Millhouse pled guilty to one count of possession with intent to distribute a controlled dangerous substance, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Millhouse preserved his right to appeal the district court's denial of his motion for an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Perceiving no error in that denial, we affirm.

This court reviews de novo the legal determinations underlying a district court's denial of a Franks hearing, and its factual findings for clear error. United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). A defendant bears a heavy burden to establish the need for a Franks hearing. United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). In order to meet this burden, a defendant must make a "substantial preliminary showing" that the affiant intentionally included false statements necessary to a finding of probable cause. Franks, 438 U.S. at 155-56. With a claim that the affiant made the affidavit deceptive by omitting facts, the defendant's "burden increases yet more." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). In such a case, the defendant must show "that the facts were omitted 'with the intent to make, or in reckless disregard of whether they thereby made, the

2

affidavit misleading.'" Id. (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)). A claim that the affiant was negligent or made an innocent mistake is inadequate to obtain a Franks hearing. United States v. McKenzie-Gude, 671 F.3d 452, 462 (4th Cir. 2011). The preliminary showing "'must be more than conclusory' and must be accompanied by a detailed offer of proof." Colkley, 899 F.2d at 300 (quoting Franks, 438 U.S. at 171). In addition, consideration of the omitted information must "be such that its inclusion in the affidavit would defeat probable cause." Colkley, 899 F.2d at 301.

Here, although claiming that the affiant officer made an intentional or reckless false statement or omission in the affidavit in support of the search warrant, Millhouse falls far short of making a "substantial preliminary showing" that the claimed misconduct reflected anything more than an unintentional clerical error. Tate, 524 F.3d at 455. Furthermore, we agree with the district court that the alleged misstatement or omission was not essential to the probable cause determination. See Colkley, 899 F.2d at 301. Therefore, we find that the district court did not err in denying Millhouse's request for a Franks hearing.

Accordingly, we affirm the judgment below. We grant Millhouse's motion to file a supplemental pro se reply brief.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] After review of Millhouse's reply brief we find the arguments contained therein to be without merit.